J-A16001-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| STEVEN ALSTON, | |
| Appellee | No. 1469 EDA 2013 |

Appeal from the Order Entered May 1, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0015307-2012

BEFORE:  LAZARUS, OLSON and PLATT,* JJ.

CONCURRING STATEMENT BY OLSON, J.:          **FILED AUGUST 17, 2015**

I join the majority memorandum in full.  I write separately, however, to explain why I believe police lacked reasonable suspicion to extend the traffic stop to search for weapons absent Appellee's admission.

In this case, police officers pointed to no specific and articulable reason that they believed Appellee possessed a firearm other than the fact that he had a revoked license to carry firearms ("LTCF").  This, however, is insufficient to raise reasonable suspicion.  The fact that Appellee's LTCF was revoked only means he was not legally permitted to have a firearm in the vehicle (or on the streets of Philadelphia).  Police did not know why Appellee's LTCF was revoked.  It could have been revoked for a myriad of reasons.  For example, an individual who is a habitual drunkard must have

---

* Retired Senior Judge assigned to the Superior Court

his or her LTCF revoked. *See* 18 Pa.C.S.A. §§ 6109(e)(i)(vii), 6109(i). Thus, all police knew was that Appellee was prohibited from possessing a firearm.

If the mere revocation of a license to carry a firearm created reasonable suspicion to search a vehicle, the proverbial flood gates to fishing expeditions would be open. There are many reasons an individual cannot legally possess a firearm in a vehicle. For example, an individual under 21 years old may not lawfully possess a firearm in a vehicle. *See* 18 Pa.C.S.A. §§ 6106(a), 6109(b). Police obviously lack reasonable suspicion to search a vehicle to ascertain whether a 20-year-old driver possesses a firearm. There is no difference between Appellee and the 20-year-old pulled over for speeding. In both situations, all the police know is that the individual is prohibited from possessing a firearm. That, without more, does not provide reasonable suspicion to search for a firearm.

With this further explanation, I concur.